NOT FOR PUBLICATION                                                      (Doc. No. 17)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| GERARD MARGIOTTI | : | |
| Plaintiff, | : | Civil No. 14-1481 (RBK/AMD) |
| v. | : | **OPINION** |
| SELECTIVE INSURANCE CO. OF AMERICA | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Gerard Margiotti's ("Plaintiff") motion to set aside a judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) based on the allegedly neglectful representation by his counsel. (Doc. No. 17.) For the reasons set forth below, Plaintiff's motion is denied.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2014, Plaintiff filed a complaint in this Court against Penn-American Insurance Company ("Penn-American") for its failure to adhere to the parties' flood insurance contract after his residential property was damaged in Hurricane Sandy. (See generally Compl. ¶ 1.) Penn-American moved to dismiss Plaintiff's Complaint because it was improperly served, the Court lacked subject matter jurisdiction,[1] Plaintiff was not the insured under the policy and therefore lacked standing, and the policy had expired months before Hurricane Sandy occurred.

---

[1] Penn-American alleged that the policy in question was not a flood insurance policy issued under the National Flood Insurance Act, and therefore did not give rise to federal subject matter jurisdiction. (Doc. No. 6 at 3–5.)

1

(See, generally, Doc. No. 6.) Thereafter, the parties stipulated to the dismissal of Plaintiff's claims against Penn-American. (Doc. No. 13.)

Plaintiff then filed an amended Complaint against Selective. (Doc. No. 8.) Plaintiff's Amended Complaint is a carbon copy of his original complaint except for the substitution of "Selective Insurance Company" in the Heading and under "Parties." (See Am. Compl. 1–2.) Plaintiff's Amended Complaint still alleges that Plaintiff's insurance policy is administered by Penn-American, see ¶ 5, and the same insurance policy number, PAC-6885006, is included in both complaints. (Compl. ¶ 5; Am. Compl. ¶ 5.) Although neither Complaint attaches the relevant policy, attached to Penn-American's Motion to Dismiss is the insurance policy numbered PAC-6885006. (See Doc. No. 6, Eh. A.) The policy is not in Plaintiff's name, expired in April of 2012, and does not appear to be a policy for flood insurance issued pursuant to the National Flood Insurance Program. (Id.)

On September 14, 2014, after months of inaction on Plaintiff's part, the Court issued a Notice of Call for dismissal pursuant to Local Rule 41.1(a) giving Plaintiff until October 3, 2014 to provide good cause for his failure to prosecute. (Doc. No. 14.) Plaintiff never responded, and his case was dismissed on October 3, 2014. (Doc. No. 15.)

Plaintiff now seeks to reopen his case. In support of his request, Plaintiff alleges that his failure to prosecute was of no fault of his own. Rather, the law firm representing him, Texas-based Voss Law Firm ("Voss"), was negligent in representing him. Although Selective has not opposed Plaintiff's motion, the Docket reflects that Selective was never served in connection with this litigation.

2

## II.     LEGAL STANDARD

A party may seek relief under 60(b)(6) only when relief under 60(b)(1)-(5) is unavailable.[2]  Howard Int'l, Inc. v. Cupola Enters., LLC, No. 01-1205, 2006 WL 625210, at *1 (D.N.J. Mar. 10, 2006) (citing Stradley v. Cortez, 518 F.2d 488, 493–94 (3d Cir. 1975)).  In addition, a party pursuing 60(b)(6) relief bears the heavy burden of demonstrating the existence of "extraordinary circumstances" that would justify reopening the judgment.  Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  In this Circuit, a "healthy respect for the finality of judgments demands no less than this stringent showing."  Marshall v. Bd. of Ed. Bergenfield N.J., 575 F.2d 417, 426 n.28 (3d Cir. 1978) (internal quotations and citation omitted); see also Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 913 (3d Cir. 1977) (finding that there must be sufficient evidence of circumstances so extraordinary that the court's "overriding interest" in the finality of judgments can be properly overcome).  Establishing extraordinary circumstances therefore requires the moving party to show that, without relief from judgment, "'an extreme and unexpected hardship will result.'"  Budget Blinds, 536 F.3d at 255.  Finally, a party's 60(b)(6) motion "must be fully substantiated by adequate proof and its exceptional character must be clearly established."  Muhammad v. New Jersey, No. 10-213, 2012 WL 4191915, at *3 (D.N.J. Sept. 18, 2012) (quoting FDIC v. Alker, 234 F.2d 113, 116–17 (3d Cir.1956)).

---

[2] Rule 60(b)(1)-(5) provides relief in the following circumstances:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence . . .;
    (3) fraud . . . misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . . .
Fed. R. Civ. P. 60(b).

**III.     DISCUSSION**

Plaintiff argues that the judgment should be vacated because his former counsel was negligent in prosecuting his case. According to Plaintiff, Voss represented several hundred plaintiffs in Hurricane Sandy litigation, to whom it "aggressively marketed itself," and hundreds of these suits were eventually dismissed for procedural reasons after Voss either failed to prosecute or failed to participate in discovery. (Pl.'s Br. 1.)

As an initial matter, it is not clear that Plaintiff's motion, filed ten months after dismissal, has been timely filed. A motion for relief from a final judgment must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Here, Plaintiff has not provided the Court with any information as to the reason for the ten-month delay in seeking relief, including when Plaintiff learned of the dismissal or when he obtained new counsel. Without such information, the Court is not in a position to determine whether Plaintiff filed his motion within a reasonable amount of time.

The Court also finds insufficient evidence to warrant reopening the case on account of extraordinary circumstances. First, the Court questions whether it can properly exercise subject matter jurisdiction over this case. District Courts have original jurisdiction over suits by claimants against insurance companies "based on partial or total disallowance of claims for insurance arising out of the National Flood Insurance Act." Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 167 (3d Cir. 1988); see also 42 U.S.C. § 4072. Here, Plaintiff's Complaint appears to reference an insurance policy not in plaintiff's name, that is not administered for the provision of flood insurance, and that expired months before Hurricane Sandy occurred. Even if reference to this policy is a drafting error, Plaintiff's motion does not provide the Court with any information as to whether or to what extent the error is attributable to Plaintiff's former counsel.

Indeed, Plaintiff's motion makes no mention of the rather obvious pleading deficiency at all. Second, the docket reflects that Selective was never served in this matter, and Plaintiff's motion does not address it. Both of these errors are grounds for dismissal of Plaintiff's Complaint absent the failure to prosecute. To open this matter to only again dismiss Plaintiff's Complaint because of jurisdictional or procedural defects would be futile.

At least one other Court in this District has recently upheld a dismissal for failure to prosecute because of the Voss Law Firm's conduct. See Lighthouse Point Marina & Yacht Club, LLC v. Int'l Marine Underwriters, No. 14-2974, 2015 WL 1969360 (D.N.J. May 1, 2015). There, the plaintiff's case had been dismissed and Voss sanctioned after Voss failed to respond to the defendant's motion to dismiss, which resulted in the dismissal of the Complaint, and to the Court's Order to Show Cause, prompted by the defendant's allegations that the lawsuit was fraudulent. Id. at *2. On a motion for reconsideration, the Honorable William H. Walls, S.U.S.D.J., upheld the sanctions against Voss and denied Plaintiff's motion to reopen its case, finding that dismissal was an appropriate consequence that the plaintiff was to suffer. See id. at *10 ("On several occasions, the Supreme Court has 'held that clients must be held accountable for the acts and omissions of their attorneys.' . . . An order of dismissal is an appropriate consequence of Plaintiff's attorneys' lack of diligence. Lighthouse must suffer this consequence." (citations omitted)).

Another Court in this District recently denied without prejudice a similar motion brought by another of Voss's former clients. See Linbald v. Nationwide Mutual Ins. Co., No. 14-908, 2016 WL 614407, at *4 (D.N.J. Feb. 16, 2016). In Linbald, the plaintiff alleged that she did not approve of the joint stipulation that had resulted in the dismissal of her case. Reasoning that these allegations, if true, could rise to the level of "extraordinary circumstances," the Court

5

denied the plaintiff's motion, but did so without prejudice, requiring that she provide the Court with further evidence concerning her alleged ignorance of the joint stipulation as well as the meritoriousness of her claim.  Id.

This case is distinguishable from Linbald such that the Court finds dismissal without prejudice inappropriate.  The Court in Linbald was able to conclude that Plaintiff's motion was timely filed.  Here, Plaintiff has provided the Court with no such information.  The defendant in Linbald had also been properly served, whereas in this case, Selective was never served, and Plaintiff provides to Court with no evidence as to why.  More than three years have passed since the property was allegedly damaged, making any future investigation by Selective more difficult.  Finally, unlike in Linbald, there are multiple pleading deficiencies on the face of Plaintiff's Complaint that Plaintiff has failed to address in the instant motion.  Any one of these deficiencies would be grounds for dismissal.  As such, the Court finds that Plaintiff has not met provided "sufficient evidence of circumstances so extraordinary that the court's overriding interest in the finality of judgments can be properly overcome."  Martinez-McBean, 562 F.2d at 913.  Plaintiff's motion is denied.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to set aside a judgment pursuant to Fed. R. Civ. P. 60(b)(6) is denied.


Dated: 03/04/2016                                             s/Robert B. Kugler
                                                                                                                                              ROBERT B. KUGLER
                                                                                                                                               United States District Judge